MONROE, J.
The plaintiff seeks to recover $8,800, as the value of 2,200 sacks of rice which he alleges would have been made in 1902 on 220 acres of land owned by him, but for the failure of the defendant to furnish water for irrigation according to contract. The defendant prayed oyer of the contract, and the plaintiff, after excepting to the call, filed a supplemental petition, in which he alleges that the contract sued on was entered into verbally early in the year 1902, before the planting of the crop, and was reduced to writing July 26, 1902, and duly signed, and he attaches a duplicate of the same to his-petition.
The defendant, for answer, denies that there was any contract other than that which was reduced to writing, and it alleges that said written contract was entered into after much of the crop from which the rice referred to in the petition was to have been made had been destroyed, and the balance had reached such a condition that it could not have been saved, and that, if there was any failure on its part to furnish water, the same was caused by unavoidable accident, for the-consequences of which it is not liable. After the jury had been impaneled, the plaintiff was allowed to amend by alleging that he had put the defendant in default by a written demand for water August 16, 1902.
Upon the trial it was developed that the land in question was cultivated by tenants, that the total area so cultivated was 180 acres, and that the plaintiff was interested only to the extent of three-tenths of the crop, which proportion he was to have received for seed and rent, whilst the defendant was to-have received one-fifth for furnishing water.
It was shown that the plaintiff’s. tenants-planted their rice between May 7th ahd June 12th, though rice, in that section, is usually planted in March and April, and those who plant later than May 15th do so with the expectation of making a crop only in the event that the season proves to be favorable and long. The season of 1902 was, however, the most unfavorable that has been known for years, and it terminated early, with a cold snap (about September 12th), whereby the crops in the neighborhood, including those which had received water from the beginning, were destroyed. It was also shown that the plaintiff made no contract for water, other' than that which was reduced to writing July 26th, and that the crop in question had received but little water up to that time, and was so badly burned as to render it doubtful whether it could have been saved, even if an *984 •unlimited supply had then and thereafter been furnished. It was not, however, until August 16th that the defendant was put in -default by anything like a specific demand for water, and upon that day its machinery was -disabled by an accident, which was not remedied until August 23d. It was not liable, under its contract, for failure to supply water during that interval, and it is quite certain that it would have done no good to furnish it afterwards. Upon the whole, our ■conclusion is that the plaintiff has not shown that the loss of which he complains can prop■erly be attributed to the failure of the defendant to comply with any obligation which it owed him, and that the verdict and judgment for $242 which he has obtained should be set aside.
It is therefore ordered, adjudged, and decreed that the verdict and judgment appealed from be set aside, annulled, and avoided, .and that there now be judgment in favor of the defendant, rejecting the demand of the plaintiff, and dismissing this suit, at his cost in both courts.